IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COACH, INC. AND COACH SERVICES, INC., | § § § | |
| Plaintiffs, | § § | |
| v. | § | Civil Action No. 3:11-CV-0496-L |
| | § | |
| LINDA'S ACCESORIOS Y CELLULARES AND ERLINDA HERNANDEZ, | § § § § | |
| Defendants. | § § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion for Entry of Default Judgment, filed June 28, 2011. After consideration of the motion, brief, record, and applicable law, the court **grants** Plaintiff's Motion for Entry of Default Judgment.

**I.     Background**

Plaintiffs Coach, Inc. and Coach Services, Inc. ("Plaintiffs") filed their Complaint in this court on March 9, 2011, seeking relief against Defendants Linda's Accesorios Y Cellulares and Erlinda Hernandez ("Defendants"). This is an action for trademark and trade dress infringement, counterfeiting, false designation of origin and false advertising, and trademark dilution under the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, 1125(a),(c), and (d)); copyright infringement under the United States Copyright Act (17 U.S.C. § 501 *et seq.*); injury to business reputation and trademark dilution under Section 16.29 of the Texas Business and Commerce Code ("TBCC"); and trademark infringement, unfair competition and unjust enrichment under the common law of the State of Texas.

**Memorandum Opinion and Order – Page 1**

Defendants were properly served on March 9, 2011, and to date have not filed an answer to Plaintiffs' Complaint or otherwise defended in this lawsuit. Plaintiffs requested the clerk to issue entry of default on May 13, 2011, and default was entered by the clerk on May 13, 2011. Plaintiffs now request entry of default judgment against Defendants for statutory damages and a permanent injunction; Plaintiffs further request reasonable attorney's fees and costs.

## II.     Analysis

The court finds that because Defendants have neither filed an answer to Plaintiffs' Complaint nor otherwise defended in this lawsuit, and because Defendants are not infants, incompetent or in the military, Plaintiffs are entitled to judgment against Defendants. The court therefore accepts as true the well-pleaded allegations stated by Plaintiffs in their Complaint, the facts in Plaintiffs' Motion for Entry of Default Judgment, and those set forth in the brief accompanying the motion.

### A.     Damages

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *See United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citing *TWA v. Hughes*, 449 F.2d 51, 70 (2nd Cir. 1971)), *rev'd on other grounds*, 409 U.S. 363 (1973); *G. & C. Merriam Co. v. Webster Dictionary Co.*, 639 F.2d 29, 34 (1st Cir. 1980)). Plaintiffs ask the court to award $400,000 in damages. The statute allows damages from $1,000 to $200,000 per mark. 15 U.S.C. § 1117(c)(1) and (2). Plaintiffs seek $100,000 per mark. Plaintiffs do not provide any factual basis for the amount of damages requested. The court believes the damages requested are excessive. The court does not believe that the nature and frequency of Defendants' conduct warrants such a large damage amount.

Plaintiffs' investigation of Defendants' infringing conduct was limited. Plaintiffs' investigator visited Defendants' booth only on one occasion. The investigation revealed approximately 75-100 items on this occasion. Had this been an instance in which Plaintiffs conducted an extensive investigation that established the duration, frequency, and quantity of items infringed over a period of time, the court might be more willing to award $400,000 in damages. The court, however, does believe that the quantity of counterfeit items warrants a punishment that will deter Defendants from future infringing conduct. The court believes that $5,000 per mark would reasonably compensate Plaintiffs for the infringing conduct. Consequently, the court determines that Plaintiffs are entitled to $20,000 in damages, which is within the statutory amount pursuant to 15 U.S.C. § 1117(c)(1) and (2). Accordingly, Plaintiffs are entitled to a total amount of **$20,000**.

### B. Permanent Injunction

Plaintiffs further request the court to permanently enjoin Defendants from infringing upon Plaintiffs' trademark rights. To demonstrate entitlement to permanent injunctive relief, the movant must establish the following: "(1) actual success on the merits; (2) no adequate remedy at law; (3) that the threatened injury outweighs any damage to the defendant; and (4) that the injunction will not disserve the public interest." *DSC Comms. Corp. v. DGI Tech., Inc*., 81 F.3d 597, 600 (5th Cir.1996) (reasoning that the Fifth Circuit applies traditional preliminary injunction factors in copyright infringement cases). After a careful review of the evidence and authority, the court determines that permanent injunctive relief is appropriate.

Accordingly, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendants, their officers, agents, servants, employees, and attorneys and upon those persons in active concert or participation with them are forever enjoined:

1. from manufacturing, procuring, distribution, shipping, retailing, selling, advertising or trafficking, in any merchandise, including cellphone cases, handbags, wallets, apparel, sunglasses, jewelry and/or related merchandise, not authorized by Coach, bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Coach' Trademarks, or bearing a design or image which is of a substantially similar appearance to Coach listed in the Original Complaint and in the Declaration of Tiffany Walden;

2. from passing off, inducing or enabling others to sell or pass off, as authentic products produced by Coach or otherwise authorized by Coach, any product not manufactured by Coach or produced under the control or supervision of Coach and approved by Coach, which utilize any of the Coach Trademarks listed in the Original Complaint and in the Declaration of Tiffany Walden;

3. from committing any act calculated to cause purchasers to believe that the Default Defendant(s) products are those sold under the control and supervision of Coach, or are sponsored, approved or guaranteed by Coach, or are connected with and produced under the control or supervision of Coach;

4. from further diluting and infringing the Coach Trademarks and damaging their goodwill;

5. from engaging in any other activity constituting unfair competition with Coach or that will cause the distinctiveness of the Coach Trademarks to be diluted; and

6. from causing, aiding, and/or abetting any other person from doing any act proscribed under (1) through (4) above.

### C. Costs and Attorney's Fees

Plaintiffs also seek costs of $546.49 and reasonable attorney's fees of $3,720. In support, Plaintiffs submit—as part of the motion's appendix—the declaration of attorney Natalie L. Arbaugh of the law firm Fish & Richarson, PC, which represents Plaintiffs in this action. The declaration and attached bill of costs detail the charges and expenses incurred on Plaintiffs' behalf by the firm. The declaration also makes clear that the amounts are reasonable and commensurate with amounts typically charged in the Dallas-Fort Worth market for the legal services provided in a case like Plaintiffs.

Having reviewed the declaration of Natalie L. Arbaugh and the attached billing records against the backdrop of applicable law, the court determines that Plaintiffs are entitled to costs in the amount of $546.49 and reasonable attorney's fees in the amount of $3,720. Accordingly, the court will award these amounts to Plaintiffs and determines that such rates for the legal and paralegal services rendered in this case were reasonable and consistent with the rates charged for like professionals within the local area legal community.

### III. Conclusion

For the reasons herein stated, the court **grants** Plaintiffs' Motion for Entry of Default Judgment. Accordingly, the court hereby **orders** that default judgment be entered for Plaintiffs in the amount of **$20,000**. Plaintiffs requested no prejudgment interest, and the court awarded none. Costs in the amount of **$546.49** and reasonable attorney's fees in the amount of **$3,720** are assessed against Defendants. In accordance with Rule 58 of the Federal Rules of Civil Procedure, a judgment will issue by separate document.

**It is so ordered** this 30th day of June, 2011.

                                                  Sam A. Lindsay
                                                  United States District Judge